FILED

AUG - 9 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re                                    ) No. 05-22010-A-7
                                         )
                                         )
SUZANNE GALANIS                          )
                                         )
        Debtor.                          )
                                         )
                                         )
                                         )
_____)

**MEMORANDUM DECISION**

The debtor has filed an ex parte motion to reopen her chapter 7 case for the purpose of amending her schedules to list a previously omitted creditor, Verizon Wireless and its collection agent, NCO Financial. The avowed purpose of this amendment is to permit the discharge of the claim of the omitted creditor.

The petition was filed on February 24, 2005. The notice of the meeting of creditors informed the creditors whether this was a "no-asset" case. Accordingly, creditors were instructed to not file proofs of claim.

Thus, this case was a "no-asset, no-bar-date-case." Creditors holding claims otherwise dischargeable by the debtor had their claims discharged even though their claims were not

1  scheduled and even though the omitted creditors had no notice of
2  the case.  11 U.S.C. § 727(b); Beezley v. California Land Title
3  Co. (In re Beezley), 994 F.2d 1433 (9th Cir. 1993).  It is not
4  necessary to reopen the case and amend the schedules in order to
5  discharge the claims of the omitted creditors.
6       If Verizon Wireless' claim could have been excepted from
7  discharge by 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6), the
8  debtor's failure to schedule the claim when the petition was
9  filed meant that Verizon Wireless did not receive notice of the
10 deadline for filing a complaint.  See 11 U.S.C. § 523(c); Fed. R.
11 Bankr. P. 4007(b).  Therefore, unless Verizon Wireless or its
12 collection agent had actual knowledge that the petition had been
13 filed in time to file a timely dischargeability complaint, the
14 failure to initially schedule the claim may mean the claim is
15 nondischargeable.  11 U.S.C. § 523(a)(3)(B).  Amending the
16 schedules will not change this result.
17      In short, reopening the case to permit the amendment of the
18 schedules will have no effect whatever.  The debtor does not need
19 to do anything -- the claim of the omitted creditor is discharged
20 in a chapter 7 bankruptcy case provided that creditor cannot
21 state a claim under section 523(a)(3)(B).  To do so, requires
22 that the filing of an adversary proceeding.  See In re Costa, 172
23 B.R. 954 (Bankr. E.D. Cal. 1994).  In connection with the
24 resolution of that adversary proceeding, there must be two
25 determinations.  Did the omitted creditor have actual notice of
26 the bankruptcy filing in sufficient time to file a timely
27 dischargeability complaint?  See Fed.R.Bankr.P. 4007(c).  And, if
28 there was no actual notice of the petition, is the claim

nondischargeable under 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6)?[1] If the omitted creditor had actual notice or if its claim is not excepted from discharge by 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6), the court will declare the omitted claims discharged in bankruptcy.

Therefore, while the court will permit this case to be reopened, the court cannot issue an unequivocal declaration that the omitted claims were discharged in bankruptcy. Because this was a "no-asset, no bar date" case, the unscheduled claim of Verizon Wireless was discharged unless its claim is nondischargeable under section 523(a)(3)(B). To obtain a declaration that the claim is not made nondischargeable by section 523(a)(3)(B), the debtor must file, serve, and prevail in an adversary proceeding.

If an adversary proceeding is not filed within 30 days, the case will again be closed. A separate order will be issued.

Dated: 9 Aug 2005

By the Court

_____
Michael S. McManus, Chief Judge
United States Bankruptcy Court

---

[1] If the omitted creditor is claiming the debts are non-dischargeable under 11 U.S.C. § 523(a)(1), (5), (7)-(15), (16), (17), the creditors cannot be prejudiced by the omission of their claim in a "no asset" case. Unlike section 523(a)(2),(4) or (6), there is no deadline for the filing of such dischargeability complaints and nonbankruptcy courts may determine whether the debts fall into the exceptions enumerated in section 523(a)(1), (5), (7)-(15), (16), (17). 11 U.S.C. § 523(c)(1); Fed.R.Bankr.P. 4007(c).

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CERTIFICATE OF MAILING**

    The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Suzanne Galanis
216 Riverbrook Way
Sacramento, CA 95831

John R. Roberts
PO Box 1506
Placerville, CA 95667-1506

Dated: 8/10/05

_____
Deputy Clerk Catherine Rosso

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

    The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Office of the U.S. Trustee
501 I St., #7-500
Sacramento, CA 95814

DATED: 8/10/05

By: /s/ Catherine Rosso
Deputy Clerk　Catherine Rosso

EDC 3-070 (New 4/21/00)